1  Brian Colley
   14th and Poplar Street
2  415-879-6180
3  2btattooed2@gmail.com

4  Pro Se Plaintiffs
   *Additional plaintiffs on next page*

**FILED**
SEP 19 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

BRIAN COLLEY, JOSHUA MCCARY, CARRIE DENNIS, SHANYCE JONES, FANNIE HALL, SHA-RONN BAIRFIELD, MARK MCRARY, MICHAEL REMINGTON, JOHN CARDONE

  Plaintiffs,

vs.

CITY OF OAKLAND,

  Defendant.

Case No. CV 25-8006

**COMPLAINT FOR INJUNCTIVE RELIEF**

CRB

---

**COMPLAINT FOR INJUNCTIVE RELIEF**

Carrie Dennis
Poplar and 18th Street
510-424-3980
Carriedennis1980@gmail.com

Joshua McCrary
18th and Poplar Street
510-216-8280
mccr.joshua101@gmail.com

Fannie Hall
14th and Poplar Street
209-964-2023

Sha-Ronn Bairfield
1707 Poplar Street
510-756-0381

Mark McCrary
Poplar Street and 18th Street
510-756-0381

Michael Remington
Poplar Street and 16th Street
415-917-7649

Shanyce Jones
Goss Street
jmessahnCA17@gmail.com

John Cardone
34th and Hollis
510-860-9714

1

**COMPLAINT FOR INJUNCTIVE RELIEF**

## INTRODUCTION

1. Plaintiffs, BRIAN COLLEY, JOSHUA MCCARY, CARRIE DENNIS, SHANYCE JONES, FANNIE HALL, SHA-RONN BAIRFIELD, MARK MCRARY, MICHAEL REMINGTON, JOHN CARDONE are unhoused housed people living on Polar street, between 20th and 14th street and in the immediate area, as well as unhoused people living in RVs at Hollis and 34th street, and the immediate area (collective "The Encampments"). The majority of people in the Encampments are living in RVs and vehicles. Defendant threated Plaintiffs and other unhoused people in the Encampments by stating they would tow RVs and vehicles belonging to unhoused people without any written notice. The City of Oakland also stated that vehicles with registration expirations beyond six months would be towed on the spot. In addition, on multiple occasions, at different dates and times different police officers entered the Encampments and told them they had 72- hours to move. The Defendant's actions are in violation of Plaintiffs property rights and due process rights under the Fourth and Fourteenth Amendment

## JURISDICTION AND VENUE

2. Plaintiffs' claims arise under the laws and Constitution of the United States, including the Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

3. The Federal Rules of Civil Procedure 65 authorize this Court to grant Plaintiffs the injunctive relief they seek here.

4. This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

5. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because defendant CITY OF OAKLAND

is located in this district and a substantial part of the events and/or omissions were committed in this district.

6. Because the events and omissions giving rise to Plaintiffs' claims occurred in Alameda County, this case should be assigned to the Northern District's Oakland or San Francisco Division, pursuant to N.D. Cal. L.R. 3-2(d).

## THE PARTIES

7. Brian Colley is unhoused and lives in an RV parked at Poplar and 14th street, Oakland. He has mental and physical disabilities and was told verbally he had to move his vehicle.

8. Joshua McCrary is unhoused and lives in an RV parked at Poplar and 18th Street. He has received no individualized written notice that he will be towed, but he has been told verbally he will be towed in 72 hours.

9. Carrie Dennis is unhoused and lives in a camper at Poplar Street and 18th Street, Oakland. She was told verbally that she would have to move in 72 hours. She did not receive any written notice.

10. Fannie Hall is an unhoused person living in an RV at Poplar and 14th street, Oakland she lives with her daughter and grand daughter. She was given verbal notice of 72 hours tow.

11. Sha-Ronn Bairfield, is unhoused and lives in a vehicle at Poplar Street and 16th Street, Oakland she has been threatened with tow without notice.

12. Mark McCrary is unhoused and lives in an RV at Poplar Street and 18th Street, Oakland. He has lived there for five years. He was recently threatened with a tow without notice.

13. Michael Remington is unhoused and lives at Poplar Street and 16th Street, Oakland. He has lived there for at least three years and recently had his vehicle towed without any notice. He was able to got it back but is worried it will be towed again.

14. John Cardone is unhoused and lives at 34th and Hollis, Oakland. He has lived here for 5.5 years. He was told he vehicles would be towed with verbal 72 hour notice.

15. Shaynce Jones is an unhoused person living on Goss Street and she witnessed vehicles being towed without notice and has not received adequate notice before a tow.

16.  Defendant CITY OF OAKLAND is a municipal corporation organized under the laws of the State of California.

## FACTUAL ALLEGATIONS

17.  The City of Oakland has been towing vehicles without providing adequate notice and has threatened to tow more vehicles without adequate notice. Plaintiffs have not received any individualized, written, notice warning of a pending tow. Furthermore, the City has failed to follow its own Encampment Management Policy which requires the City to give at least seven days' notice before an abatement and to offer shelter.

18.  The Defendant has been threatening to tow RV and vehicles occupied by unhoused people in the Poplar Encampment. On or about September 15, 2025, Oakland police department told unhoused residents that any vehicle with registration expired for six months or more would be immediately towed on the spot without any prior notice. The police also stated that all other vehicles would be towed in 72 hours, without any other notice. The police then returned on multiple other occasions and verbally told residents that they would be towed in 72 hours, creating confusion as to when people would actually be towed. Unhoused residents who were not present at the time, received no notice. Defendants to date have provided no written, individualized notice, with clear directives that vehicles would be towed and the date and time of the tow.

19.  Defendant have already towed at least two vehicles in the Poplar Encampment without providing adequate notice. Monique Thomas, an unhoused resident lived in an RV at Poplar Street and 14th Street, when she came home on or about September 15, 2025 to find her home was towed by the Oakland Police. She receive no prior notice that her RV would be towed. As a result she lost food, clothing, and essential medication to manage her health. She is now completely homeless without her own adequate shelter. Her unhoused neighbors witnessed the Oakland Police break into her RV and tow it without warning.

20.  Oakland police department also broke ion through the window of a bus that served as the home for Plaintiff, Michael Remington. Mr. Remington received no advanced notice that this was going to happen. Oakland then towed away the bus. He also was not given an offer of shelter prior to the tow.

21. On Hollis and 34th, Plaintiff John Cardon was told my Oakland police department he had only until midnight to move. He also saw his neighbor's vehicle towed without warning. The police towed it while the neighbor was in the process of looking for his keys to move the vehicle.

### FIRST CAUSE OF ACTION

**Unreasonable Seizure of Property by Towing (Fourth Amendment of the U. S. Constitution; Cal. Veh. Code § 22650(b))**

22. Plaintiffs incorporate by reference all foregoing and subsequent paragraphs as though fully set forth herein.

23. Under the Fourth Amendment of the U.S. Constitution, all persons are entitled to be free from unreasonable seizures of their property. The towing or impoundment of a vehicle constitutes a "seizure" under well-established Fourth Amendment jurisprudence.

24. California Vehicle Code § 22650(b) expressly acknowledges that "[a]ny removal of a vehicle is a seizure under the Fourth Amendment of the Constitution of the United States" and "shall be reasonable and subject to the limits set forth in Fourth Amendment jurisprudence."

25. Under Fourth Amendment jurisprudence, an immediate seizure of a vehicle may sometimes be justified under the "community caretaking" doctrine, but such authority is narrowly circumscribed. Any removal that is based on the "community caretaking" function of law enforcement agencies "is only reasonable if the removal is necessary to achieve the community caretaking need, such as ensuring the safe flow of traffic or protecting property from theft or vandalism." Cal. Veh. Code § 22650(b); see also, *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005).

26. No such basis exists for City of Oakland to impound Plaintiffs' vehicle under either the Fourth Amendment or the California Vehicle Code. In order for the towing or impoundment of a vehicle to be permissible, Defendant City must either obtain a warrant or establish that the seizure is justified under the "community caretaking" doctrine. The Encampments and vehicles in the Encampments have been there for months and no community caretaking need justifies towing the vehicles.

27. Accordingly, the acts of Defendant City, as alleged herein, violate the Fourth Amendment and the California Vehicle Code.

## SECOND CAUSE OF ACTION

### Procedural Due Process

**(Fourteenth Amendment of the U. S. Constitution; 42 U.S.C. § 1983)**

28. Plaintiffs incorporate by reference all foregoing and subsequent paragraphs as though fully set forth herein.

29. Under the Fourteenth Amendment of the U.S. Constitution, no state may deprive any person of life, liberty, or property without due process of law. Under 42 U.S.C. § 1983, any person who, under color of state law, deprives another person of their right to due process of law is liable to the injured party.

30. The person whose vehicle is towed must be provided with individualized notice unless the towing entity has a "strong justification" for not providing notice.

31. Defendants have thus far failed to provide any notice and has threated to tow Plaintiffs without notice, specifically that vehicles with lapsed registration. And they have not given the required "strong justification" for towing Plaintiffs' vehicles without providing notice.

32. Defendant, acting under color of state law, has deprived Plaintiffs of due process by taking, or threatening to take, their vehicles without individualized notice, a hearing, or any of the procedural protections that a hearing would provide. These violations are even more egregious because the items of property seized are not merely Defendants' possessions but rather their homes, which are their sole means of protection from the elements, and which in many cases contain all of their worldly belongings.

## THIRD CAUSE OF ACTION

### Unlawful Seizure of Property by Towing

**(Article I, § 13 of the California Constitution; Cal. Veh. C. § 22650(b))**

33. Plaintiffs incorporate by reference all foregoing and subsequent paragraphs as though fully set forth herein.

34. Under Article I, § 13 of the California Constitution, all persons have the right "to

be secure in their persons, houses, papers and effects against unreasonable searches and seizures..."

35. For the reasons set forth above with respect to the Fourth Amendment of the U.S. Constitution, Defendant's actions and plans violates Plaintiffs' rights under Article I, § 13 of the California Constitution and Cal. Veh. Code § 22650(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

**Temporary Restraining Order:**

Enter a Temporary Restraining Order to maintain the status quo until the Court has an opportunity to hear a request for fuller relief, including a preliminary injunction, so that Plaintiffs can demonstrate that there are serious questions going to the merits of their claims, and that the balance of hardships tips sharply towards them since there is a likelihood of irreparable injury and an injunction is in the public interest.

**Injunctive Relief:**

Grant a preliminary and permanent injunction enjoining and restraining defendant CITY OF OAKLAND from seizing, towing, impounding, disposing or otherwise interfering with the vehicles of homeless individuals in a manner that violates the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, § 13 of the California Constitution;

Grant Plaintiffs such further relief as the Court deems just and proper.

Dated:                                    Respectfully submitted,

_____
Brian Colley